NO. 07-07-0193-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 5, 2007


______________________________



DEREK WAYNE MONTEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 18,139-C; HON. ANA ESTEVEZ, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant appeals from his conviction for aggravated robbery with a deadly weapon. 
On June 18, 2007, the clerk's record was filed and on July 3, 2007, a supplemental clerk's
record was filed. The reporter's record was due on June 18, 2007. No record or extension
motion was filed by the court reporter. On July 2, 2007, this court directed the court
reporter by letter "to advise the Court of the status of the reporter's record on or before
Thursday, July 12, 2007." In response, the reporter filed an extension motion, which was
granted to August 20, 2007. To date, no record or extension motion has been filed with
this Court.

 Accordingly, we abate this appeal and remand the cause to the 251st District Court
of Randall County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed,


 when the reporter's record can reasonably be filed in a manner that
does not further delay the prosecution of these appeal or have the
practical effect of depriving the appellant of his right to appeal, and,

 whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental records and reporter's records transcribing the hearing with the clerk of this
court on or before October 5, 2007. Should further time be needed by the trial court to
perform these tasks, then same must be requested before October 5, 2007.

 It is so ordered.

 Per Curiam

Do not publish.